IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | | |
|---|---|---|
| GERALDINE BAILEY, | ) | C/A  2:11-3013-PMD-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| INTERNATIONAL PAPER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action was originally filed in the South Carolina Court of Common Pleas, Ninth

Judicial Circuit, but was subsequently removed to this United States District Court by the Defendant.

28 U.S.C. § 1446(b).  Plaintiff alleges in her Complaint that she is a former employee of the

Defendant, and asserts claims against the Defendant for sex discrimination (First Cause of Action),

hostile work environment (Second Cause of Action), and mental and emotional distress (Third Cause

of Action).

The Defendant filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. on

November 11, 2011, asserting that Plaintiff had failed to exhaust her administrative remedies with

respect to any claims being asserted under the Age Discrimination in Employment Act (ADEA), and

had not pled sufficient facts to state a plausible claim for relief with respect to her hostile work

environment and gender discrimination claims.  Plaintiff filed a response to Defendant's motion



wherein she conceded that she did not have claim under the ADEA and further stated that she was not pursuing an ADEA claim, but otherwise opposed Defendant's motion. Defendant thereafter filed a reply memorandum on December 9, 2011, which also (in a footnote) addressed Plaintiff's claim for mental and emotional distress.

Defendant's motion is now before the Court for disposition.[1]

### **Allegations of the Complaint**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Plaintiff alleges in her Complaint that at all relevant times she was an employee of the Defendant, and that prior to September 17, 2010 she was considered an exemplary employee. Plaintiff alleges that on September 16, 2010, she was operating a forty (40) ton crane, work that she had done "for years", and that she had followed all proper procedures for the operation of the crane. Complaint, ¶¶ 21-23, 26-30. Plaintiff alleges that on that day a male employee set up a cherry picker in the way of the crane, failed to notify Plaintiff of the cherry picker and failed to "chaulk off" the crane, and failed to notify Plaintiff's supervisor. Plaintiff alleges that she hit the cherry picker with her crane, following which she was suspended from September 17, 2010 to September 29, 2010 even

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



though the Defendant failed and refused to discipline any of the male employees involved.  Plaintiff also alleges that her direct supervisor now refuses to speak to her.  Plaintiff alleges that the Defendant's decision to discipline her while not disciplining any of the male employees involved constitutes gender discrimination, and that since the incident in question she has been subjected to a hostile work environment.  Complaint, ¶ ¶ 31-43.

Plaintiff alleges in her First Cause of Action (for sex discrimination) that the Defendant is an employer as defined in Title VII, that the Defendant considered her sex when considering her discipline, and that the Defendant has therefore discriminated against her based on her sex.  Plaintiff alleges in her Second Cause of Action (for hostile work environment) that she was subjected to a work environment that was abusive to the point of severe and pervasive which constituted a hostile work environment under Title VII.  Finally, Plaintiff alleges in her Third Cause of Action (for mental and emotional distress)[2] that the Defendant's actions "were intentional and inflicted upon her severe mental and emotional distress", resulting in, inter alia, mental anguish, emotional pain and suffering, humiliation and embarrassment.

### Discussion

Defendant argues in its brief that Plaintiff's Title VII claims are subject to dismissal because Plaintiff has failed to allege facts sufficient to state a claim for either gender discrimination

---

[2]Defendant argues in its brief that Plaintiff's claim for mental and emotional distress should not be considered a separate cause of action, apparently because Plaintiff left out "Count III" above the "Mental and Emotional Distress" heading.  However, this appears to be a mere scrivener's error, as in all other respects this section of the Complaint is formatted the same as Plaintiff's First and Second Counts, and Plaintiff also states earlier in her Complaint that, in addition to Title VII, this action "is brought pursuant to the laws of South Carolina."  Complaint, ¶ 2.  Therefore, the undersigned has considered this claim as a separate cause of action for purposes of this opinion.



or hostile work environment under Title VII.   After careful review and consideration of the

arguments presented by the parties, the undersigned finds and concludes for the reasons set forth

hereinbelow that the Defendant is entitled to dismissal of Plaintiff's hostile work environment claim,

but is not entitled to dismissal or Plaintiff's claim for gender discrimination.

To establish her hostile work environment claim, Plaintiff must have alleged facts to

show that 1) she was subjected to unwelcome conduct in a work related setting; 2) the conduct

complained of was based on her gender; 3) the conduct was sufficiently severe or pervasive to alter

her condition of employment and to create an abusive work environment; and 4) the conduct was

imputable on some factual basis to her employer.   Ocheltree v. Scollon Productions, Inc., 308 F.3d

351, 356 (4th Cir. 2002), rehearing en banc, 335 F.3d 325 (4th Cir. 2003), cert. denied, 124 S.Ct.

1406 (2004); Spicer v. Com.of Va. Dep't of Corrections, 66 F.3d 705, 710 (4th Cir. 1995); Brown

v. Perry, 184 F.3d 388, 393 (4th Cir. 1999).   Plaintiff has alleged that she was subjected to

unwelcome conduct in a work related setting (her direct supervisor refused to speak to her), conduct

arguably imputable on some factual basis to her employer.   However, even giving Plaintiff the

benefit of the doubt that the Complaint contains factual allegations sufficient to show that her

supervisor's conduct was based on her gender (even though the gender of Plaintiff's supervisor is

itself not even alleged), the Complaint contains no factual allegations whatsoever to show that this

conduct "was sufficiently severe or pervasive to alter her condition of employment and to create an

abusive work environment".

> While a plaintiff is not charged with pleading facts sufficient to prove her case, as an
> evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support
> a claim for relief.  The words "hostile work environment" are not talismanic, for they
> are but legal conclusions; it is the alleged facts supporting those words, construed



liberally, which are the proper focus at the motion to dismiss stage.

Signal v. Gonzales, 430 F.Supp.2d 528, 538 (D.S.C. 2006), citing Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Facts supporting severe or pervasive conduct sufficient to state a hostile work environment claim may include the frequency of the alleged conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether the conduct unreasonably interfered with the Plaintiff's work performance. Harris v. Forklift Sys., 510 U.S. 17, 21-22 (1993). No such facts are alleged here. Rather, Plaintiff simply alleges that her supervisor is refusing to speak to her. Allegations of conduct that may be annoying, bothersome, and stress-inducing do not meet the "severe or pervasive" standard for a hostile environment. Signal, 430 F.Supp. 2d at 539-540. Such is the case here. See Bass, 324 F.3d at 765 ["Even viewed in the light most favorable to [Plaintiff], the facts she alleges merely tell a story of a workplace dispute . . . and some perhaps callous behavior by her supervisor [ ]. They do not describe the type of severe or pervasive gender . . . based activity necessary to state a hostile work environment claim."]; Baqir v. Principi, 434 F.3d 733, 747 (4th Cir. 2006)[Noting that Complaints of rude treatment fall short of that required to sustain a hostile work environment claim].

In her memorandum opposing the Defendant's motion, Plaintiff attempts to bolster her hostile work environment claim by arguing that her hostile work environment included the discrimination she experienced when she was disciplined for conduct for which male employees were not, and that it is necessary to "considered the Complaint as a whole . . . .". Plaintiff's Brief, pp. 3-4. However, Plaintiff's claim for disparate treatment based on her gender is a separate and



distinct claim from a claim of a hostile work environment, and cannot be transformed into a hostile work environment claim unless the facts alleged meet the separate criteria for a hostile work environment claim.  Cf. Lester v. Natsios, 290 F.Supp.2d 11, 33 (D.D.C. 2003)["Discrete acts constituting discrimination or retaliation claims . . . are different in kind from a hostile work environment claim that must be based on severe and pervasive discriminatory intimidation or insult."]; Kilby-Robb v. Spellings, 522 F.Supp.2d 148, 164 (D.D.C. 2007)["[A]lleged acts of disparate treatment cannot be transformed, without more, into a hostile work environment claim."]. The facts concerning the alleged gender discrimination do not meet the criteria for a hostile work environment claim.  Ocheltree, 308 F.3d at 356; Signal, 430 F.Supp. 2d at 538.  See also Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"]; Parker v. State, Dep't. of Public Safety, 11 F.Supp.2d 467, 475 (D.Del. 1998)["[T]he dangers of allowing standard disparate treatment claims to be converted into a contemporaneous hostile work environment claim are apparent.  Such an action would significantly blur the distinctions between both the elements that underpin each cause of action and the kinds of harm each cause of action was designed to address."].

Therefore, Plaintiff's hostile work environment claim is subject to dismissal. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim];



see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].[3]

With respect to Plaintiff's claim of gender discrimination, in order to establish a prima facie case of disparate treatment under Title VII based on her gender, Plaintiff must allege facts sufficient to show 1) that she is a member of a protected class; 2) that she was performing her job satisfactorily; 3) that she was subjected to an adverse employment action; and 4) that other employees who were not members of her protected class were treated more favorably, or there is some other evidence giving rise to an inference of unlawful discrimination. See generally, Austen v. HCA Health Services of Virginia, Inc., No. 00-2359, 2001 WL 242203 at **1 (4th Cir. Mar. 12, 2001); Hughes v. Bedsole, 48 F.3d 1376, 1383 (4th Cir. 1995), cert. denied, 516 U.S. 870 (1995). See also Gilbert v. Penn-Wheeling Closure Corp., 917 F.Supp. 1119 (N.D.W.Va. 1996). Reviewing the allegations of the Complaint, Plaintiff has alleged that she is a member of a protected class (female). Plaintiff also alleges that she was "an exemplary employee" with several years experience working for the Defendant and that at the time of the incident in question she was following all proper procedures as set forth in the Defendant's policies, which are also specifically set forth in the

---

[3]It is also worth noting that it does not appear that Plaintiff even asserted a claim for a hostile work environment in her charge of discrimination. See Complaint, ¶ 14; see also Defendant's Memorandum in Support of Motion to Dismiss, attached exhibit (Court Docket No. 5-2). Cf. Marshall v. Federal Exp. Corp., 130 F.3d 1095, 1098 (D.C.Cir. 1997) ["[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to timely file the EEOC charge."] (quoting Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989)); Smith v. First Union National Bank, 202 F.3d 234, 247 (4th Cir. 2000) [EEOC charge "defines the scope of [a plaintiff's] subsequent right to institute a civil suit"]; Sloop v. Memorial Mission Hosp., Inc., 198 F.3d 147, 148 (4th Cir. 1999) [a Title VII claimant must first exhaust administrative remedies with regard to their claim before filing the claim in federal court].



Complaint.  Therefore, Plaintiff has alleged that she was performing her job satisfactorily.  Plaintiff also alleges that after the incident at issue, she was disciplined and suspended by the Defendant, and hence has alleged that she was subjected to an adverse employment action.  See also James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375-376 (4th Cir. 2004)[Adverse employment action is a discriminatory act which "adversely affects the terms, conditions, or benefits of the Plaintiff's employment"].  Further, Plaintiff has alleged that none of the male employees who were involved in this incident, and who in fact were at fault for the incident, were disciplined in any way while she (the lone female involved) was subject to disciplinary action.  Hence, Plaintiff has sufficiently alleged that employees who were not members of her protected class were treated more favorably under circumstances giving rise to an inference of unlawful discrimination.

Therefore, Plaintiff has pled factual allegations sufficient to set forth a claim for gender discrimination under Title VII; Twombly, 550 U.S. at 555 [A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; and Defendant's motion to dismiss with respect to this cause of action should be **denied**. Cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Francis, et al, v. Giacomelli, No. 08-1908, (4th Cir. Dec 2, 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief].

Finally, with respect to Plaintiff's Third Cause of Action for "mental and emotional



distress", Defendant argues in its reply brief that, to the extent Plaintiff did intend for this section

of the Complaint to be a separate cause of action, it is subject to dismissal because there is no such

cause of action under South Carolina law.  Defendant acknowledges that South Carolina does

recognize a cause of action for intentional infliction of emotional distress, or "outrage", but argues

that even assuming that is what Plaintiff intended to plead, her Complaint does not contain factual

allegations sufficient to maintain such a cause of action.  See Hansson v. Scalise Builders of S.C.,

650 S.E.2d 68, 71 (S.C. 2007)[noting that facts supporting a claim for outrage in South Carolina

must show that the conduct was "so extreme and outrageous so as to exceed all possible bounds of

decency and [that] must be regarded as atrocious, and utterly intolerable in a civilized community"].

Plaintiff did not respond to Defendant's arguments in its reply brief, and in any event

the undersigned does not find that Plaintiff has set forth sufficient factual allegations to establish the

necessary level of extreme and outrageous behavior required for an outrage claim.  Accepting the

well-pleaded allegations of the Complaint in Plaintiff's favor, Plaintiff alleges that she was involved

in an accident while operating a crane on September 16, 2010, that the cause of the accident was

another employee's negligence, but that she was the one who was disciplined.  Plaintiff also alleges

that, following this incident, her supervisor has refused to speak to her.  These allegations are simply

not sufficient to support a claim for outrage or to establish that Plaintiff's supervisor or anyone else

engaged in the extreme behavior required to maintain a claim for outrage in South Carolina. Signal,

430 F.Supp.2d at 538 ["While a plaintiff is not charged with pleading facts sufficient to prove her

case, as an evidentiary matter in her complaint, a plaintiff *is* required to allege facts that support a

claim for relief."], citing Bass, 324 F.3d at 765; see Corder v. Champion Road  Machinery

International Corporation, 324 S.E.2d 79, 81 (1984) [In South Carolina, a plaintiff can only succeed



on a claim for intentional infliction of emotional distress "where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."]; Hudson v. Zenith Engraving Company, Inc., 259 S.E.2d 812, 814 (1979); cf. Gattison v. South Carolina State College, 456 S.E.2d 414 (S.C.Ct.App. 1995)[even verbally abusive accusations in the business setting do not give rise to a claim for intentional infliction of emotional distress]; Folkens v. Hunt, 348 S.E.2d 839, 845 (S.C.Ct.App. 1986); Wright v. Sparrow, 381 S.E.2d 503, 505 (S.C.Ct.App. 1989)[allegations that employer plotted to build a case to justify firing employee by loading her with responsibility while stripping her of authority, changing the way she should perform her duties and accusing her of not following directions, insufficient to assert a claim for intentional infliction of emotional distress]; Shipman v. Glenn, 443 S.E.2d 921 (S.C.Ct.App. 1994)[supervisor's conduct in ridiculing speech impediment of and threatening to fire an employee who had cerebral palsy did not provide a sufficient basis for intentional infliction of emotional distress]; Wilkes v. Young, 28 F.3d 1362, 1366 (4th Cir. 1994); Craig v. Andrew Aaron & Associates, Inc., 947 F.Supp. 208, 212-213 (D.S.C. 1996).

Therefore, Plaintiff's cause of action for outrage should be dismissed. Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; Harper, 423 F.Supp. at 196 )["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].



10

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted, in part,** and **denied in part.**  For the reasons set forth hereinabove, Plaintiff's Second Cause of Action for a hostile work environment and her Third Cause of Action for mental and emotional distress should be **dismissed**.  The Defendant's motion to dismiss Plaintiff's First Cause of Action for gender discrimination should be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 13, 2012
Charleston, South Carolina



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

