IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Geraldine Bailey,              )<br>                                          )<br>            Plaintiff,            )<br>                                          )<br>    v.                                   )<br>                                          )<br>International Paper              )<br>                                          )<br>            Defendant.         )<br>_____) | Civil Action No.: 2:11-03013-PMD-BM<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Defendant International Paper's ("Defendant") motion to dismiss Plaintiff Geraldine Bailey's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The complaint alleges Sex Discrimination (Count I), Hostile Work Environment (Count II), and Mental and Emotional Distress (Count III). On January 13, 2012, the Magistrate Judge recommended that Defendant's motion to dismiss be **denied** as to Count I and **granted** as to Counts II and III. Plaintiff filed a timely Objection to the R&R as to Count II only. Having reviewed the entire record, including Plaintiff's Objection, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

<u>**BACKGROUND**</u>

Plaintiff is an African-American female who has been employed by Defendant since 1992, and according to the complaint, has been considered at all times an exemplary employee. Plaintiff has been working as a crane operator for the several years. She alleges that on September 16, 2010 the crane she was operating hit a "cherry picker" because another male

1

employee placed the cherry picker in her path in violation of known procedures. Specifically, the male employee failed to notify Plaintiff of the cherry picker's presence, failed to "chaulk off" the crane, and failed to notify Plaintiff's supervisor. After the incident, Plaintiff was suspended from September 17, 2010 to September 29, 2010. No disciplinary action was taken against any of the male employees involved. Plaintiff still works for Defendant and alleges that her direct supervisor now refuses to speak to her.

On April 12, 2011, Plaintiff filed a charge of discrimination based on sex with the Equal Employment Opportunity Commission ("EEOC"). The EEOC then issued a right to sue on July 22, 2011, and Plaintiff subsequently brought this action. Plaintiff first alleges that Defendant is an employer as defined in Title VII, Defendant considered Plaintiff's sex when considering her discipline, and that Defendant has therefore discriminated against Plaintiff based on her sex. Second, Plaintiff alleges that she was subjected to a hostile work environment as defined in Title VII, and lastly, Plaintiff alleges mental and emotional distress.

## STANDARD OF REVIEW

A.    **Magistrate Judge's R&R**

The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's R&R within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered, and the court may accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions

of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**B.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(1), raises the fundamental question of whether a court has the authority to adjudicate the matter before it. This court is a court of limited subject matter jurisdiction. To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.* 369 F.3d 385 (4th Cir. 2004).

**C.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

"A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint." *F.T.C. v. Innovative Mktg., Inc.,* 654 F. Supp. 2d 378, 384 (D. Md. 2009). The Supreme Court recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1940 (*citing Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950; *see also Harman v. Unisys Corp.*, No. 09-1298, 2009 WL 4506463, at *2 (4th Cir. Dec. 4, 2009). The Court added that "the tenet that a court must accept as true all

of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

## ANALYSIS

**A.     Counts I & III**

With regard to Count I, the Magistrate Judge concluded that Plaintiff sufficiently pled factual allegations to set forth a claim for gender discrimination to survive a motion to dismiss. As to Count III, the Magistrate Judge found that Plaintiff failed to set forth factual allegations sufficient to establish the necessary level of extreme and outrageous behavior required for an outrage claim.[1] Because Defendant failed to object to the R&R as to Count I and Plaintiff failed to object to the R&R as to Count III, the Court adopts the R&R as to these Counts after reviewing the record for clear error and finding none. *See Diamond*, 416 F.3d at 315.

**B.     Count II**

The Magistrate Judge found that Plaintiff failed to state a hostile work environment claim because the complaint contains no factual allegations to show that the work conduct was severe or pervasive. Plaintiff simply alleges that her "direct supervisor refused to speak to her," and in her Reply, Plaintiff attempts to bolster her claim by arguing that her hostile work environment included the discrimination she experienced when she was disciplined for conduct for which

---

[1] There is confusion over the exact cause of action Plaintiff alleges in Count III of the complaint. Unfortunately, Plaintiff does not clarify this issue in her reply to Defendant's motion to dismiss. Thus, the Magistrate Judge, while acknowledging the heading Plaintiff used: "Mental and Emotional Distress," assumes that Plaintiff intended to plead a cause of action for intentional infliction of emotional distress or "outrage." *See* R&R pp. 8-9.

male employees were not. Compl. ¶ 41; Pl.'s Reply 3-4. In her objection to the R&R, Plaintiff argues that she submitted enough evidence to support her claim, and dismissal is therefore premature at this juncture. To establish a hostile work environment claim, a plaintiff must have alleged facts to show that (1) she was subjected to unwelcome conduct in a work related setting; (2) the conduct complained of was based on her gender; (3) the conduct was sufficiently severe or pervasive to alter her condition of employment and to create an abusive work environment; and (4) the conduct was imputable on some factual basis to her employer. *Ocheltree v. Scollon Prods., Inc.*, 308 F.3d 351, 356 (4th Cir. 2002), *rehearing en banc*, 335 F.3d 325 (4th Cir. 2003), *cert. denied*, 124 S.Ct. 1406 (2004) (*citing Spicer v. Virginia*, 66 F.3d 705, 710 (4th Cir. 1995)). Defendant contends that dismissal is proper because the complaint is devoid of any allegations of severe or pervasive conduct by the Defendant based on Plaintiff's sex. After examining the totality of the circumstances *de novo*, the Court agrees with the Defendant.

It is undisputed that conduct that may be "annoying, bothersome, and stress-inducing" does not meet the "severe and pervasive" element. *Signal v. Gonzales*, 430 F. Supp. 2d 528, 539 (D.S.C. 2006). The event of being ignored by one's supervisor is simply not sufficiently severe to move beyond the mere tribulations of a workplace environment. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21-22 (1993) (requiring conduct that is "pervasive enough to create an objectively hostile or abusive work environment"). Additionally, Plaintiff cannot transform her separate and distinct claim for disparate treatment based on gender into a hostile work environment claim, unless the facts alleged meet the separate criteria for a hostile work environment claim as outlined above. *See Lester v. Natsios*, 290 F. Supp. 2d 11, 33 (D.D.C. 2003) ("Discrete acts constituting discrimination . . . are different in kind from a hostile work environment claim that must be based on severe and pervasive" conduct.). Because Plaintiff has failed to allege facts

sufficient to establish a reasonable inference that Defendant is liable for subjecting Plaintiff to severe and pervasive work conduct, her hostile work environment claim is subject to a 12(b)(6) dismissal. Therefore, the Court finds no merit in Plaintiff's objection that dismissal is premature and agrees with the Magistrate Judge's decision that Count II be dismissed.

For the above reasons, the Court adopts and incorporates the Magistrate Judge's R&R and finds that Plaintiff may proceed as to Count I, but has failed to state a claim for which relief may be granted as to Counts II and III.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion to dismiss is **DENIED** as to Count I and is **GRANTED** as to Counts II and III.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 8, 2012**